[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12305

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-80011-CR-DTKH

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

SEAN L. BRAY,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 5, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Sean L. Bray appeals his convictions for possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of marijuana, in violation of 21 U.S.C. § 844(a). He asserts the district court abused its discretion by: (1) excluding evidence of a pending internal affairs investigation regarding two of the Government's police witnesses; (2) excluding evidence of prior conduct and a conviction of a non-witness third party who was allegedly with Bray when he was stopped by police; (3) admitting evidence of Bray's tattoo at trial; and (4) admitting evidence of a prior incident when Bray was stopped by police. Bray also appeals his sentence, contending the district court erred by applying a sentencing enhancement for Bray's prior convictions which were not included in the indictment or part of the jury's verdict.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Tokars*, 95 F.3d 1520, 1530 (11th Cir. 1996). We review preserved constitutional sentencing challenges *de novo* and reverse only if the error was harmful. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

After hearing oral arguments and reviewing the record, we have determined the district court did not abuse its discretion with regard to the first four issues. Bray's sentencing contention is foreclosed by the Supreme Court's opinion in

*Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998).  Thus, we affirm

Bray's convictions and sentence.

    **AFFIRMED.**